1  Gregory J. Smith
   THE LAW OFFICE OF GREGORY J. SMITH
2  516 W. Shaw Avenue, Suite 200
   Fresno, CA  93704
3  Telephone: (559) 221-5100
   Facsimile: (559) 221-5126
4

5  Robert A. Harris  (Admitted *pro hac vice*)
   VORYS, SATER, SEYMOUR AND PEASE LLP
6  52 East Gay Street
   Columbus, OH 43215
7  Telephone:  (614) 464-6400
   Facsimile:  (614) 464-6350
8

9  Liana R. Hollingsworth  (Admitted *pro hac vice*)
   VORYS, SATER, SEYMOUR AND PEASE LLP
10 2100 One Cleveland Center
   1375 East Ninth Street
11 Cleveland, OH  44114-1724
   Telephone:  (216) 479-6100
12 Facsimile:  (216) 479-6060

13

14 Attorneys for Defendants,
   VICTORIA'S SECRET STORES, LLC and
15 RETAIL STORE OPERATIONS, INC.

16
                    UNITED STATES DISTRICT COURT
17                   EASTERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  RICHELLA PSENNER,<br><br>20        Plaintiff,<br><br>21     v.<br><br>22  VICTORIA'S SECRET STORES, LLC,<br>    LIMITED BRANDS STORE OPERATIONS,<br>23  INC. and DOES 1 through 50, inclusive,<br><br>24        Defendants. | Case No.: 1:13-CV-1295-AWI-SMS<br><br>**STIPULATION BETWEEN THE PARTIES AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVATE INFORMATION**<br><br>Action filed:  July 15, 2013<br>Action Removed:  August 15, 2013<br>Trial Date:  September 15, 2015 |

25

26

27

28 PURPOSE

**STIPULATION BETWEEN THE PARTIES AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVATE INFORMATION**

Discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Pursuant to Local Rule 141.(c)(3), the need for protection should be addressed by Court order, rather than private agreement, to protect the parties' legitimate interest in the protection of confidential information from disclosure to  third parties, and to avoid the substantially increased costs and burdens of discovery that would result in the absence of such an order, including the avoidance of potential discovery disputes and motions to the Court over the scope of documents to be protected or the level of protection to be given to any particular document.

IT IS HEREBY ORDERED that:

1.     Either party may designate any documents, materials, or other information produced or disclosed to the other party during discovery that contains confidential business information, trade secrets, personal private matters, or other proprietary information as "Confidential," which designation shall make such items and all copies, prints, summaries, or other reproductions thereof subject to this Order (hereinafter referred to as "Confidential Information").

2.     The use of said Confidential Information by counsel in this litigation shall be strictly limited to use in this case alone, and shall be subject to all of the terms of this Order.

3.     To the extent that such Confidential Information may in the future be used in the taking of depositions, it shall remain subject to the provisions of this Protective Order, and so also shall the transcript pages of the deposition testimony dealing with or relating to said Confidential Information.

4.     Unless such Confidential Information ceases to be secret and confidential other than by violation of this agreement, each party – and counsel for each party -- shall maintain all said Confidential Information as strictly confidential and shall not disclose information therein

to any person other than: (1) the parties to this action; (2) employees of counsel's law firm or other representatives who are assisting counsel in the preparation and prosecution of this action; (3) witnesses (whether lay or expert) as necessary for their testimony, on condition that all such persons be advised of this Order and agree to its terms in advance of such disclosure; (4) at the trial of this litigation; and (5) the Court.

5.      The terms of this Order shall remain fully effective as to all such Confidential Information until modified or released either by a court order or by the written consent of both parties.  The Court is free to modify this Order at any time at is reasonable discretion.  At the conclusion of this case, including any appeal, all Confidential Information and copies thereof shall be returned to opposing counsel of record; provided, however, that as to any work product of counsel of record falling within the description in the preceding sentence, counsel of record shall have the option of destroying such work product, as long as such counsel promptly thereafter provides counsel of record for the opposing party with his affidavit attesting to the destruction of all such materials, or of agreeing to keep such work product confidential.

6.      A party may not file any Confidential Information in the public record, without written permission from the designating party.  A party that seeks to file Confidential Information under seal must file a request to seal in accordance with the Eastern District Local Rules, including Local Rule 141, and the Federal Rules of Civil Procedure.  The party or person filing any pleadings or filings in the Court which incorporate or disclose Confidential Information shall comply in good faith with the procedures for filing under seal in order to obtain Court approval for such filing.

7.      By agreeing to this Order and obtaining the material produced, the parties hereto do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.  Nothing in this Order shall be deemed to

preclude the admission into evidence in this case of Confidential Information and the parties herein have reserved all rights to seek admission into evidence in this case of Confidential Information or to object to the admissibility of such material.  The burden of proving confidentiality is on the party seeking protection.

      8.    This Order is being entered without prejudice to the right of any party to move the Court for modification or relief from any of its terms.

      IT IS SO ORDERED.

DATED:  2/19/2014                        /s/ SANDRA M. SNYDER
                                                  UNITED STATES MAGISTRATE JUDGE

STIPULATED BY :

| | |
|---|---|
| Gregory J. Smith<br>THE LAW OFFICE OF GREGORY J. SMITH<br>516 W. Shaw Avenue, Suite 200<br>Fresno, CA  93704<br>Telephone: (559) 221-5100<br>Facsimile: (559) 221-5126<br><br>Robert A. Harris  (Admitted *pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>Columbus, OH 43215<br>Telephone:  (614) 464-6400<br>Facsimile:  (614) 464-6350<br><br>Liana R. Hollingsworth  (Admitted *pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>2100 One Cleveland Center<br>1375 East Ninth Street<br>Cleveland, OH  44114-1724<br>Telephone:  (216) 479-6100 | Eric P. Oren<br>LAW OFFICES OF ERIC P. OREN, INC.<br>225 West Shaw Avenue, Suite 105<br>Fresno, California  93704<br>Telephone:  (559) 224-5900<br>Facsimile:   (559) 224-5905<br>epo@ericorenlaw.com<br><br>Attorney for Plaintiff |

**STIPULATION BETWEEN THE PARTIES AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVATE INFORMATION**

Facsimile: (216) 479-6060

Attorneys for Defendants

**STIPULATION BETWEEN THE PARTIES AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVATE INFORMATION**