1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RICHELLA PSENNER,

        Plaintiff,

    v.

VICTORIA'S SECRET STORES, LLC,

        Defendant.

Case No. 1:13-CV-01295-AWI-SMS

ORDER DIRECTING SUPPLEMENTAL
DISCOVERY.

      Plaintiff and Defendant jointly submitted an informal letter detailing their discovery disputes and the court held a telephone conference on October 15, 2014 with the parties concerning those discovery issues.  The single issue taken under advisement is whether Federal Rule of Civil Procedure 33(d) requires Defendant to include a detailed description of the specific documents constituting their responses to Interrogatories 7 and 8, instead of merely producing responsive documents.

## I.     LEGAL STANDARD

      Rule 33(d) provides an alternative method for a party to respond to an interrogatory when the answer may be derived from the business records of the responding party:

> **(d) Option to Produce Business Records.**  If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

1

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed.R.Civ.P. 33(d).

## II.    DISCUSSION

In essence, Plaintiff argues that Defendant fails to satisfy the first requirement of Rule 33(d) because it does not specify the records that must be reviewed, instead leaving the Plaintiff to guess which documents respond to their interrogatories.  Defendant contends that it has provided a manageable 229 pages of documents for Plaintiff to review and that specifying the exact pages of those documents that respond to the interrogatories is unnecessary because the burden of deriving the answers to the interrogatories is the same for the parties.

If a party elects to avail itself of the option under Rule 33(d), it must "specify where in the records the answers [can] be found." *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983) (citing former Rule 33(c), which is the same as current Rule 33(d), as set forth in Fed.R.Civ.Proc. 33, Advisory Committee Notes to 1993 Revisions).[1]  In *Rainbow Pioneer*, an interrogatory asked about certain funds a party was alleged to have diverted to itself.  The party responded that "the answers could be found 'in partnership books of accounts, banking accounts, records, computer printouts, ledgers and other documents . . . .'" *Id.*  The Ninth Circuit held that this "answer" was inadequate as the party failed to specify precisely where in the records the requested information could be found. *Id.*  Other courts have also reached similar conclusions. *See, e.g., L.H. v. Schwarzenegger*, No. CIV S06-2042 LKK GGH, 2007 WL 2781132, at *3 (E.D. Cal. Sept. 21, 2007) (finding the responsive party's response inadequate for failing to identify where in the records the answers could be found); *Cambridge Electronics Corp. v. MGA*

---

[1] *See also* Fed.R.Civ.Proc. 33(d).

2

*Electronics, Inc.*, 227 F.R.D. 313, 323 (C.D. Cal. 2004) (same) (collecting cases); *Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D.Cal.1996) (finding answers to interrogatories lacked sufficient detail to comply with Rule 33(d) for failing to specify where in the records the answers could be found.)  Additionally, "under Rule 33(d), the responding party chooses to produce business records in answer to the interrogatories—not to avoid answering them.  To answer an interrogatory, a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." *O'Connor v. Boeing North American, Inc.,* 185 F.R.D. 272, 277 (C.D.Cal.1999).  The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them. *See* 7 Moore's Federal Practice, § 33.105[3] (3d ed.2001).

The question then becomes what supplementary material is sufficient to satisfy Rule 33(d) where reference to such records must be specific and designed to provide the information requested.   The manner in which the records are offered must "permit[] the same direct and economical access that is available to the [responding] party.  If compilations and summaries exist, these should be made available." *United States ex. rel. Englund,* 235 F.R.D. at 680 (internal quotations and citations omitted).  A responding party's familiarity with the method of record retention and organization may facilitate review of records based on this knowledge that is unavailable to the opposing party.  *Id.* (citing *T.N. Taube Corp. v. Marine Midland Mortg. Corp.,* 136 F.R.D. 449, 454 (W.D.N.C.1991)).

At a minimum, the response referring to business records must provide the category and location of records which will provide the answers, and if the records are voluminous, the response must include an index guiding the party to the responsive documents. *Id.* at 680–81; *see also Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D.Cal.1996) (specification of records must be in sufficient detail to allow party to locate and identify documents from which the interrogatory

answer may be ascertained, as readily as the party served).  If the party cannot identify which specific documents contain the answer to the interrogatories, they must completely answer the interrogatories without referring to the documents. *Cambridge Electronics Corp. v. MGA Electronics, Inc.,* 227 F.R.D. 313, 323 (C.D.Cal.2004).

By Interrogatories 7 and 8, Plaintiff requested detailed information relative to Defendant's actions in response to the threatening phone calls.  The Plaintiff further contends that although Defendant is entitled to answer with responsive documents under Rule 33(d), some of the responsive documents are not business records and the burden of ascertaining the answer is not substantially the same, therefore the Court should compel Defendant to answer Interrogatories 7 and 8.  Defendant counters that the documents at issue here are a manageable 229 pages of business records kept and maintained in the regular order of business.

Here, Defendant provided a set of documents as its response to the interrogatories, but did not specify where in the records the answers could be found.  At the informal telephonic conference, Plaintiff reasonably requested a bullet-point guide for the 229 pages which would provide the category and location of records which will provide the answers sought.  The Court agrees that without such a guide, the burden is not the same for the respective parties when seeking the answers from the 229 pages.  In the short memo provided to the Court concerning the dispute, Defendant provided a six-point summary to the relevant areas of interest ostensibly covered in the documents, but failed to connect those six areas to specific page numbers of responsive documents or the questions for which they would serve as answers by giving a detailed specification by category and location.  For the foregoing reasons, the Court concludes that Defendant's response that the information requested could be found in business records is inadequate under Rule 33(d) because it failed to identify where in the records the answers could be found.

4

The Advisory Committee notes to Rule 33(d) make clear that a party permitted to offer records in lieu of answering an interrogatory must "offer them in a manner that permits the same direct and economical access that is available to the party." (Notes of Advisory Committee on 1980 Amendment to Rule 33(c) (renumbered Rule 33(d) in 1993)).  Case law suggests that Rule 33(d) does not permit the responding party to create an unequal burden for the receiving party, for example, by declining to supply an already-existing compilation that answers the interrogatories or by producing a mass of records that can only be deciphered by the responder. *See Sadofsky v. Fiesta Products, LLC,* 252 F.R.D. 143, 148 (E.D.N.Y.2008) (collecting cases).  Nevertheless, "the rationale behind Rule 33(d) is to shift the burden of compiling the information and, accordingly, ascertaining the answer, from the producing party to the interrogating party." *Id.* Thus, where one of the parties must undertake the task of compiling the information and the records presented are not voluminous or indecipherable, "the interrogating party should bear the responsibility of compiling the information." *Id.* at 149.

Here, Plaintiff concedes that a bullet-point guide providing the category and location of the records by page number will level the parties' burdens of ascertaining the answers.  Plaintiff does not point to any special knowledge Defendant possesses that is necessary to read and interpret the documents.  Consequently, the Plaintiff must otherwise bear the burden of compiling answers to Interrogatories 7 and 8.

## III.    CONCLUSION AND ORDER

The Court concludes that Rule 33(d) requires a supplemental response from Defendant, such as an index cataloguing where in the 229 pages Plaintiff can find the answers to Interrogatories 7 and 8.  Plaintiff's argument for further answers to Interrogatories 7 and 8 is unavailing.  Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Rule 33(d), Plaintiff's request for a guide to Defendant's responsive documents relative to Interrogatories 7 and 8, is **GRANTED** as follows: Defendant shall file a supplemental response to Interrogatories 7 and 8 in the form a bullet-point guide to the 229 pages of responsive documents, outlining where in the document Plaintiff can find answers to such interrogatories, and shall do so <u>within fifteen calendar days of this order</u>.

**IT IS FURTHER ORDERED** that Plaintiff's request to compel further answers to Interrogatories 7 and 8 is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 29, 2014**              **/s/ Sandra M. Snyder**
                                                         UNITED STATES MAGISTRATE JUDGE

6